**CHUN HUI LIU, Petitioner,**

**v.**

Peter D. KEISLER,[1] Acting
U.S. Attorney General,
Respondent.

No. 07–1667–ag.

United States Court of Appeals,
Second Circuit.

Oct. 5, 2007.

Michael Brown, Law Offices of Michael Brown, New York, NY, for Petitioner.

Peter D. Keisler, Acting U.S. Attorney General, former Assistant Attorney General, Civil Division; Allen W. Hausman, Senior Litigation Counsel; David E. Dauenheimer, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. CHESTER J. STRAUB, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Chun Hui Liu, a native and citizen of the People's Republic of China, seeks review of a March 28, 2007 order of the BIA affirming the August 8, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson, denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chun Hui Liu,* A95 959 545 (B.I.A. Mar. 28, 2007), *aff'g* No. A95 959 545 (Immig. Ct. N.Y. City Aug. 8, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Where, as here, the BIA issues an opinion that agrees with the IJ's decision and emphasizes particular aspects of it, this Court reviews both the BIA's and the IJ's decisions. *Ming Xia Chen v. Board of Immigration Appeals,* 435 F.3d 141, 144 (2d Cir.2006) (citing *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394–95 (2d Cir. 2005)). We review the agency's factual

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Belortaja v. Gonzales* 484 F.3d 619, 623 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Manzur v. U.S. Dep't Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007).

Here, we conclude that substantial evidence supports the IJ's adverse credibility finding. The IJ based her finding in part on Liu's inability to recount facts out of chronological order. After testifying that she had been in hiding at her aunt's house for almost two months while authorities looked for her in relation to her husband's public opposition to the family planning policy, Liu went on to relate that she went into hiding at her aunt's house a second time after she made public statements against the Chinese government. When Liu then was asked why she first went into hiding at her aunt's house, Liu sat in silence for a long time and eventually answered that she could not remember. The IJ suggested that Liu's demeanor reflected a lack of confidence in recounting her story, and that this undermined her credibility. The Court affords "great deference" to the IJ's assessment of a witness' demeanor, which is "virtually always evaluated subjectively and intuitively" and is therefore peculiarly within the IJ's province to assess. *Tu Lin v. Gonzales,* 446 F.3d 395, 400 (2d Cir.2006); *accord Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir. 2005). Nothing in the record compels a finding contrary to the IJ's assessment of demeanor in this case.

The IJ also noted that: (1) the November 2003 prenatal record arising from Liu's alleged third pregnancy in the Unit-ed States contained no indication that Liu had been pregnant a second time in China and that the pregnancy had been aborted; and (2) Liu's husband did not mention the alleged abortion in his initial asylum application. We generally will not disturb adverse credibility determinations that are based on "specific examples in the record of inconsistent statements ... about matters material to [an applicant's] claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters." *Liang Chen v. U.S. Att'y Gen.,* 454 F.3d 103, 106 (2d Cir.2006) (quoting *Zhou Yun Zhang v. INS,* 386 F.3d 66, 74 (2d Cir.2004)). Here, the inconsistencies go to the heart of Liu's persecution claim, as they cast doubt on whether her abortion ever occurred. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308–09 (2d Cir.2003) (inconsistencies must be substantial and material to asylum claim to support an adverse credibility determination).

With respect to the first discrepancy, Liu explained that the interpreter neglected to translate her statement to her doctor that she had undergone a forced abortion. The IJ rejected this explanation as it appeared Liu was otherwise able to provide her medical history and Liu made an insufficient effort to contact the interpreter—a friend—for corroboration. With respect to the second discrepancy, Liu's husband explained that his attorney had advised him to omit information about Liu's forced abortion from his asylum application. The IJ rejected this explanation because Liu's husband had not reported his attorney's malpractice. While these explanations perhaps were plausible, a reasonable factfinder would not have been compelled to credit them. *See Majidi,* 430 F.3d at 77, 80–81. The IJ therefore did not err in declining to do so.

Accordingly, even without the IJ's additional credibility findings—some of which were not entirely error-free—the adverse credibility determination was supported by substantial evidence. We can confidently predict the same decision would be reached were the petition remanded. *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 339 (2d Cir.2006).

Because the only evidence of a threat to Liu's life or freedom depended upon her credibility, the adverse credibility finding in this case necessarily precludes success on her claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). To the extent that Liu's claim for CAT relief was based on the same factual predicate, the denial of that relief was proper as well. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005). Although Liu initially based her CAT claim on the allegation that she would be forcibly sterilized for having two children and punished for hiring a smuggler to help her depart China illegally, she did not raise these claims in her brief to this Court. Accordingly, they are waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal is DENIED as moot.